UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60881-CIV-HUNT

THOMAS ZANGARI,

          Plaintiff,

v.

JOE DOE,

          Defendant.
_____/

## REPORT AND RECOMMENDATIONS

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because the undersigned finds that dismissal of this case is warranted, and because the undersigned does not presently have authority to issue a dispositive order, a Report and Recommendation will be issued concurrently with an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, the undersigned respectfully RECOMMENDS that this action be DISMISSED without prejudice.

Plaintiff initially filed a Complaint in this action as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). ECF Nos. 1, 3. Because Plaintiff sought leave to proceed in forma pauperis, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon screening Plaintiff's Complaint, the undersigned determined that Plaintiff failed to state a claim on which relief may be granted. An Order providing Plaintiff with an

opportunity to file an amended complaint was entered to see if Plaintiff could state a claim on which relief may be granted. ECF No. 5. The Order required to Plaintiff to file an amended complaint within 30 days, provided guidance to Plaintiff regarding what needed to done to add to the amended complaint to state a claim, and expressly warned Plaintiff that this action may be dismissed without further notice if he failed to file an amended complaint in accordance with that Order.

Notwithstanding that clear warning, Plaintiff has not filed an amended complaint, and the deadline to do so has passed. Because Plaintiff has not filed an amended complaint in accordance with the undersigned's proper Order, this action should be dismissed without prejudice for two separate reasons.

First, for the reasons explained in the undersigned's previous Order, Plaintiff's Complaint fails to state a claim on which relief may be granted. Second, Plaintiff's failure to comply with that Order also independently warrants dismissal without prejudice. *See, e.g., Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, No. 22-10384, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) ("The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution. Generally speaking, a dismissal made without prejudice constitutes no abuse of discretion because the affected party may refile his civil action.") (internal citations and quotation marks omitted).

## **CONCLUSION**

For the reasons discussed above, the undersigned respectfully RECOMMENDS that this action be DISMISSED without prejudice. The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written

objections, if any, with this Court.[1]  Failure to timely file objections shall bar the parties from a de novo determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 19th day of September 2025.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record
Thomas Zangari
1121 Farm Lane DR
Worthington, OH 43085
PRO SE PLAINTIFF

---

[1] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge.  Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge